In the Matter of the Petition of MARY H. MAHAN
to Vacate an Assessment, etc.

*Advertisement under a statute, for bids — the price to be paid for certain specified kinds of work cannot be prescribed therein.*

Where a statute requires a public officer to advertise for bids for work to be performed he cannot in such advertisement fix an arbitrary price to be paid for certain specified kinds of work included in that for which the bids are asked, *e. g.*, he cannot fix four dollars per cubic yard as the price to be paid for all rock excavations.

Appeal from an order made at Special Term, vacating an assessment for constructing a sewer in Fifty-sixth street, between Second and Third avenues, in the city of New York.

By the terms of the advertisement for bids, and of the contract itself, the price to be paid for such rock excavation as might be necessary was fixed and determined, and the competition therefore only extended to the price to be paid for the remainder of the work to be performed.

The advertisement for bids contained, among others, the following provision : "For rock excavation, where drilling and blasting is necessary, $4 per cubic yard will be allowed, and for removing the same without blasting when necessary for the preservation of the main water pipe from injury, the sum of $5 per cubic yard will be allowed ; in each case the measurement to be as provided for in the agreement. The prices to include the removal of the rock excavated from the line of the work, and with the extension of time when rock is encountered, as mentioned

in the agreement, are intended to cover all the contingent expenses of rock excavation ; consequently, no other allowance or extension of time on such account will in any case be made."

*F. Lynde Stetson*, for the city of New York, appellant.

*John C. Shaw*, for the petitioner, respondent.

BRADY, J. :

The assessment which the petitioner sought by this proceeding to vacate was confirmed on the 3d of January, 1873. Two grounds of objection were alleged. First. That the assessment included an unauthorized charge for surveyor's fees. Second. That it included work done, namely : the excavation of rock for which the price was arbitrarily fixed by the commissioner of public works and was not submitted to competition. It was deemed entirely unnecessary to consider in detail the proposition that the law required the commissioner of public works to advertise for bids for the work contemplated. It is enough to say on this subject that such requisition was indispensable, and that the omission to submit the item of rock excavation for the contemplated competition was a departure from the statute relating to the subject.

In the consideration of this case it was thought that inasmuch as it did not appear that the price allowed for rock excavation by the commissioner of public works was not in excess of what would have been demanded by any contractor, the petitioner did not sustain any injury by the omission mentioned, and was not aggrieved therefore by any substantial error. But reflection upon that theory has resulted in the conviction that it is not sufficient to override the plain terms of the statute.

If the item of rock excavation may be omitted from the contract to be made, by arbitrarily stating an allowance for it, the same course may be pursued as to other items, and the advertisement made therefore to cover a few only of the items constituting the whole work to be done. The design of the statute was to secure the accomplishment of the work at the lowest price by subjecting the contract for it to public competition, and was based upon motives of public economy, originating in some degree of

distrust in the officers to whom the duty of making contracts for the public service was committed, and the conviction that if executed according to its intention would preclude favoritism and jobbing. These views are sustained by the cases of *Brady* v. *The Mayor* (20 N. Y., 312); *Matter of the Emigrant Industrial Savings Bank* (75 id., 395); *Moore* v. *The Mayor* (73 id., 238).

The order appealed from is therefore affirmed.

Davis, P. J., concurred.

Present — Davis, P. J., Brady and Ingalls, JJ.

Order affirmed.